Per Curiam.

We do not see any principle on which the action can be maintained for any sum.
Trespass for mesne profits does not lie. The plaintiff shows no judgment for possession; he brought no action ; and he wras not privy to the writ of entry brought by the other heirs. An agreement to abide the event of a suit does not create a privity.
*182 The common action of trespass does not lie, as the plaintiff waF not *n possession, actual or constructive. There was no pernancy of profits.
It is said that the possession of the defendant under a supposed devise, claiming the whole estate as against the heirs at law, amounts to an ouster.[1] It may for some purposes ; as to sustain a writ of entry; but such a fictitious ouster is not sufficient to support an action of trespass. The plaintiff had never had possession.
The defendant had a right to be in possession as a tenant in common, and the plaintiff’s only remedy, if any, would be an action for use and occupation. But there are difficulties in regard to that, as appears by the case of Sargent v. Parsons, 12 Mass. R. 149.

Plaintiff nonsuit.

 See Towle v Ayer, 8 N. Hamp. R. 63